UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**MEYERS WAREHOUSE, INC.**                                                       **CIVIL ACTION**

**VERSUS**                                                                                        **NO. 12-2948**

**CANAL INSURANCE COMPANY**                                              **SECTION "K"(2)**

<u>**ORDER AND REASONS**</u>

Before this Court is a Motion for Summary Judgment (Rec. Doc. 15) filed by Defendant, Canal Indemnity Company (erroneously referred to as "Canal Insurance Company"). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

**I.      BACKGROUND**

Plaintiff, Meyers Warehouse, Inc. ("Meyers") is the owner and operator of several trucks and trucking operations. (Rec. Doc. 1, at 3). Meyers purchased a liability insurance policy from Canal Indemnity Company ("Canal"), which, under its Commercial Automobile Coverage Part, covered property damage to the auto fleet as well as legal liability for property damage as a result of trucking operations (to the degree specified by the policy). *Id.*; (Rec. Doc. 15, Exhibit 2, 3).

On October 18, 2011, Meyers transported a load of liquid sugar that was allegedly contaminated. (Rec. Doc. 15, at 1). On November 10, 2011, American Sugar Refinery and Hiram Walker, owners of the contaminated sugar, made a claim against Meyers alleging Meyers' employees caused the contamination. (Rec. Doc. 1, at 4). Meyers hired counsel for this claim and contacted Strickland General Agency within 30 days of notice of the claim. *Id.* Canal also contacted Meyers about the claim, after receiving its first notice of the claim on January 26, 2012. (Rec. Doc. 15, at 1; Rec. Doc. 1, at 4). Meyers states that it provided Canal with a copy of

1

the claim. (Rec. Doc. 1, at 4). Meyers and its counsel defended the claim for a period of 9 months, which resulted in settlement on August 15, 2012. (Rec. Doc. 1, at 4). Meyers claims that during those 9 months, Canal issued a reservation of rights letter and refused to participate in the defense claim against Meyers. (Rec. Doc. 25, at 2).

Canal, meanwhile, initiated its own investigation into the claim after receiving notice of its existence, and claims that Meyer's counsel never provided Canal with specific information regarding the claimed loss despite repeated requests. (Rec. Doc. 15, at 2). On February 10, 2012, Canal issued a Reservation of Rights to plaintiff. (Rec. Doc. 15, at 2); (Rec. Doc. 15-3, at 2). Canal then learned of the settlement from a third party on August 27, 2012. *Id.* Canal was not asked to contribute to the settlement. *Id.*

On October 11, 2012, plaintiff's counsel contacted Canal inquiring as to whether Canal would reimburse his attorney's fees. (Rec. Doc. 15, at 3). Canal provided plaintiff's counsel with the applicable language of its policy with Meyers and declined. *Id.*

In its motion for summary judgment, Canal alleges that the applicable policy language in the insurance contract between Canal and Meyers does not obligate Canal to pay for Meyers' attorneys' fees or other legal fees resulting from the situation discussed above. (Rec. Doc. 15, at 3-4). Specifically, the policy provides that Canal's liability coverage gives them the "right and duty to defend any 'insured' against a '*suit*' asking for damages or a 'covered pollution cost or expense'" to which the insurance applies. *Id.* (emphasis added). The policy also states that the duty to defend ends when the liability coverage limit has been exhausted by payment of judgment or settlements. *Id.* Canal avers that because no "suit" was filed against the Plaintiff and because Canal never consented to any arbitration or other dispute resolution proceeding,

2

Canal "was and is under no obligation to either defend the insured or to pay any legal fees." *Id.* at 4.

In opposition, Meyers contends that Canal has cited cases that are "not relevant to the issue presented in this lawsuit" and cites no law indicating that "the duty to defend does not accrue before notice of litigation." (Rec. Doc. 25, at 5). Meyers states that notice was given 10 months before the prescriptive period had run. *Id.* Thus, Meyers contends that the duty to defend—and with it, the obligation to pay legal fees—arises upon *notice* of *a claim* being filed (not litigation). *See id.* Meyers contends that other policy language clearly states that Canal must be involved "at the earliest possible stage of the controversy, i.e., the filing of a 'claim' and/or the notice of a 'loss'" and cites to the Business Auto Conditions section of the policy. *Id.* Meyers cites the provision entitled "Duties in the Event of Accident, Claim, Suit or Loss" which provides that Canal has "no duty to provide coverage . . . unless there has been full compliance with the following duties" including the duty that the insured "must give [Canal] or [it's] authorized representative prompt notice of the 'accident' or 'loss.'" *Id.*

## II.     LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco,* 76 F.3d 651 (5th Cir.1996) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912–13 (5th Cir. 1992)). However, if the nonmoving party would bear the burden of proof on a claim at trial, the moving party need not negate the elements

3

of that claim, but only to "point out the absence of evidence supporting the nonmoving party's case." *Brown v. Trinity Catering, Inc.* 2007 WL 4365384 (E.D.La. Dec.11, 2007) (citing *Stults,* 76 F.3d at 656).

When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir.2007) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County,* 246 F.3d 481, 489 (5th Cir.2001) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. at 2513). However, as the Fifth Circuit has explained:

> [c]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.
>
> *RSR Corporation v. International Insurance Company,* 612 F. 3rd 851, 857 (5th Cir. 2010).

### III.  LAW & ANALYSIS

The question placed at issue by Canal's motion is not one of "coverage" but one of whether Canal has the "duty to defend" and thus the obligation to pay for legal expenses

4

resulting from the investigation and settlement of a claim against the insured. Though Louisiana courts have expounded on the general scope of the insurer's duty to defend, the duty is proscribed generally in the contract itself.[1] Because no countervailing public policy exists, the contract's terms on the insurer's duty to defend should control.[2] Therefore, whether Canal owes legal expenses will depend upon the terms of the insurance policy, as "[a]n insurance policy is a contract between the parties, and should be construed employing the general rules of interpretation of contracts." *Mossy Motors, Inc. v. Cameras Am.*, 898 So. 2d 602, 605-06 (La. App. 4 Cir. 3/2/05), *writ denied*, 916 So. 2d 1057 (La. 12/9/05) (citing *Blackburn v. National Union Fire Ins. Co. of Pittsburgh,* 00-2668, pp. 5-6 (La.4/3/01), 784 So.2d 637, 641).

As a contract, the words in the insurance policy must be given their generally prevailing meaning, unless they have acquired a technical meaning, in which case the technical meaning applies. La. CC. art. 2047. "An insurance policy is construed as a whole, and each provision in the policy must be interpreted in light of the other provisions." *Id.* (citing *Succession of Fannaly v. Lafayette Ins. Co.*, 805 So.2d 1134, 1137 (La. 1/15/02). After interpreting the contract according to the rules of interpretation, any remaining ambiguity is construed against the insurer and in favor of the insured. *Succession of Fannaly*, 805 So.2d at 1138. A court should not

---

[1] The Fifth Circuit has noted that the source of the duty to defend is unclear. *Jones v. S. Marine & Aviation Underwriters, Inc.*, 888 F.2d 358, 362 (5th Cir. 1989) ("Although the scope of a contractual duty to defend has been the subject of much litigation, the cases do not often discuss the source of the duty, perhaps because the standard comprehensive general liability policy specifically gives the insurer a contractual right and duty to defend."). However, Louisiana courts generally discuss the duty to defend as being a contractual right. *See, e.g.*, *Dugas Pest Control of Baton Rouge, Inc. v. Mut. Fire, Marine & Inland Ins. Co.*, 504 So. 2d 1051, 1053 (La. Ct. App. 1987) ("Generally, in the terms of its liability policy, an insurer contractually agrees to provide its insured a legal defense for liability claims against the insured."); *Steptore v. Masco Const. Co., Inc.,* 93-2064 (La. 8/18/94), 643 So. 2d 1213, 1218 ("[T]he insurer contractually agreed to provide a legal defense for liability claims against the insured within the scope of the policy.")

[2] "Policy provisions which limit the insurer's liability or place restrictions on policy obligations should be enforced unless they conflict with statutes or public policy." *Pareti v. Sentry Indem. Co.,* 536 So. 2d 417, 421 (La. 1988). In determining whether the insurer's duty to defend terminated upon exhaustion of policy limits, the Louisiana Supreme court stated that if found "no authority for the proposition than an unambiguous policy provision stating that the insurer's duty to defend will terminate upon payment of policy limits should be disregarded, or voided for reasons of public policy." *Id.* at 423.

strain to find ambiguity in the policy where none exists, *Gaylord Chemical Corp. v. Propump, Inc.*, 98-2367, at p. 4, (La.App. 1 Cir. 2/18/2000) 753 So.2d 349, 352, nor should the court interpret the policy in an unreasonable manner so as to enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion, *Mossy*, 898 So.2d at 605 (citing *Magnon v. Collins,* 98-2822, p. 7 (La.7/7/99), 739 So.2d 191, 196). "If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 6/27/03).

The relevant portion of the policy at issue in this matter, which specifically addresses the insurer's duty to defend, states the following:

> "We have the right and duty to defend any 'insured' against a 'suit' asking for such damages or a 'covered pollution cost or expense.' However, we have no duty to defend any 'insured' against a 'suit' seeking damages for 'bodily injury' or 'property damage' or a 'covered pollution cost or expense' to which this insurance does not apply. We may investigate and settle any claim or 'suit' as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements."[3]

The policy specifically defines "suit" as a "civil proceeding" and includes arbitration or other alternative dispute resolution proceedings that Canal endorses.[4] The meaning of when "suit" is filed, while not addressed by Louisiana courts, has been addressed by numerous other states' courts where insurance policies failed to provide a specific definition for "suit."[5] Unlike those cases, Canal's policy provides an unambiguous definition, resolving any question of whether the

---

[3] This policy language falls under Section II (Liability Coverage) of the "Business Auto Coverage Form" under the Commercial Automobile Coverage Part of Canal's policy. *See* Rec. Doc. 15, Exhibit 2, 1-3, 40.
[4] *See* Rec. Doc. 15, Exhibit 2, 49 ("Definitions").
[5] *See, e.g.*, *Michigan Millers Mut. Ins. Co. v. Bronson Plating Co*., 445 Mich. 558, 567-69, 519 N.W.2d 864, 868-69 (1994) *overruled on other grounds by Wilkie v. Auto-Owners Ins. Co*., 469 Mich. 41, 664 N.W.2d 776 (2003) (interpreting "suit" as it was undefined in insurance policy); *Dewitt Const. Inc. v. Charter Oak Fire Ins. Co*., 307 F.3d 1127, 1137 (9th Cir. 2002) (duty to defend was triggered by arbitration since policies include arbitration within meaning of "suit").

6

duty to defend commences upon "suit" being filed.  Here, no suit—civil proceeding, arbitration, or otherwise—has been filed; hence, Canal's duty to defend did not arise.

Meyers is correct that Canal did not cite any particular law showing that the duty to defend does *not* arise *before* suit is filed.  However, the Court has found no case that directly addresses this question.  Louisiana case law addressing the duty to defend exists in the context of a suit that has *already been filed*. [6]  Therefore, unless the contract contravenes public policy, the contract controls the duty to defend in this matter.

## IV.     CONCLUSION

In sum, the policy in this matter controls Canal's duty to defend.  Because the terms of the policy are clear and do not contravene public policy, they must be enforced as written.  According to the terms of the policy, Canal's duty to defend only arises when "suit" has been filed.  No "suit," under the definition provided in the contract, has been filed in this matter; thus, Canal's duty to defend has not arisen and Canal is not obligated to pay legal expenses requested by Meyers for breach of the duty to defend.  In sum, Canal has met its burden of proof under the summary judgment standard by demonstrating that no genuine issue of material fact exists in this matter.

Accordingly,

---

[6] In Louisiana, case law extensively discusses the duty to defend after a lawsuit is filed, with the primary issue being when the duty to defend arose.  *See, e.g.*, *Steptore v. Masco Const. Co., Inc.*, 643 So.2d 1213 (La. 1994); *Gully & Associates, Inc. v. Wausau Ins. Companies,* 536 So.2d 816 (La. App. 1 Cir. 1988); *Moskau v. Ins. Co. of North America,* 366 So.2d 1004 (La App. 1 Cir. 1978).  To determine the scope of the insurer's duty to defend, the Louisiana Supreme Court applies the "eight-corners" rule: "an insurer must look to the four corners *of the petition* and the four corners of the policy to determine whether it has a duty to defend." *Vaughn v. Franklin*, 785 So. 2d 79, 84 (La. App. 1 Cir. 3/28/01), *writ denied,* (La. 10/5/01) (emphasis added); *see also Mossy Motors, Inc. v. Cameras Am.*, 898 So. 2d 602 (La. App. 4 Cir. 3/2/05), *writ denied,* 916 So. 2d 1057 (La. 12/9/05).  An insurer's duty to defend arises whenever the *pleadings* against the insured disclose even a possibility of liability under the policy. *Steptore v. Masco Constr. Co.*, 643 So.2d 1213, 1218 (La. 8/18/94).  Generally, Louisiana law provides that the duty to defend does not arise until notice of "litigation" is received by the insurer.  *See, e.g.*, *Gully & Associates, Inc. v. Wausau Ins. Companies,* 536 So.2d 816, 818 (1988) ("[The] duty to provide a defense does not arise until the insurer receives notification of the litigation."); *Moskau v. Ins. Co. of N. Am.*, 366 So. 2d 1004, 1006 (La. Ct. App. 1978) ("Upon notice of litigation, the insurer owes a duty to provide a competent defense.").

**IT IS ORDERED** that Canal Indemnity Company's (or "Canal Insurance Company's") Motion for Summary Judgment (Rec. Doc. 15) is hereby **GRANTED**.

New Orleans, Louisiana, this __6th__ day of _____August_____, 2014.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**