UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEYERS WAREHOUSE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2948** |
| **CANAL INSURANCE COMPANY** | **SECTION "K"(2)** |

### ORDER AND REASONS

Before the Court is a "Motion to Reconsider Granting of Motion for Summary Judgment" filed by Plaintiff, Meyers Warehouse, Inc. ("Meyers"). (R. Doc. 44). In its Memorandum, the Meyers requests that the Court reconsider its ruling granting the Defendant, Canal Insurance Company ("Canal"), summary judgment, ostensibly on two grounds: (1) the insurance policy at issue is ambiguous and the contract should be interpreted in favor of Meyers (and against the insurer, Canal); and (2) the common fund doctrine applies to the "gap" in the Policy language as to when the duty to defend arises and the Court should find that the duty to defend arises upon notice of a "claim" or "loss" rather than upon filing of a "suit." (Pl. Mem. Supp. Motion Reconsideration 6-8, R. Doc. 44). Opposing the motion, Canal correctly notes that Meyers "cites no rule under which the motion is brought." (Def. Mem. Opp. 1, R. Doc. 45). But, assuming that the motion is brought pursuant to Federal Rules of Civil Procedure rule 59(e), Canal asserts that Meyers presents no manifest error of law or fact in the Court's opinion, merely rehashing its original argument, and makes an additional argument as to the common fund doctrine which was not raised prior to the instant motion and is not applicable to facts at hand. *Id.* at 2-4. In Reply, Meyers avers that its intent was not to bring a motion pursuant to Rule 59(e), but to request that the Court reconsider its Order in light of the contractual language or common fund doctrine and

1

"asks the Court to treat this Motion, as a Motion for New Trial under Federal Rules of Civil Procedure 59(b)."  (Pl. Reply 1, R. Doc. 50.)

It is well-established that "[t]he Federal Rules do not recognize a 'motion for reconsideration' *in haec verba.*" *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) *abrogated on other grounds by Little v. Liquid Air Corp.,* 37 F.3d 1069, 1076 n.14 (5th Cir. 1994) (citations omitted); *Anderson v. Red River Waterway Com'n*, 16 F. Supp.2d 682 (W.D.La. 1998) (citing *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997)) ("The Federal Rules of Civil Procedure do not provide a mechanism with which a party may file a 'motion to reconsider.'").  However, a motion to reconsider a judgment is treated by the courts as a Rule 59(e) motion to alter or amend that judgment when filed within the time limits imposed by the Rule.  *Edward H. Bohlin Co. v. Banning Co.l*, 6 F.3d 350 (5th Cir. 1993).  If the motion is served within twenty-eight days of the rendition of the judgment, it is evaluated under Rule 59(e).  *See* Fed. R. Civ. P. 59(e); *Lavespere*, 910 F.2d at 173.  Here, Meyers' motion was filed exactly twenty-eight days from the rendition of the judgment on August 6, 2014.  (Order, August 6, 2014, R. Doc. 40).  Although Meyers requests that its motion be treated as a Motion for New Trial under Rule 59(b), the Court fails to see the applicability of that section as no trial ever occurred and construes the instant motion as a motion to alter or amend judgment under Rule 59(e).

A Rule 59(e) motion calls into question a judgment's correctness.  *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002).  A party may bring a motion under this section on three possible grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice.  *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002).  In *Castrillo*

2

*v. American Home Mortg. Servicing, Inc.*, Judge Vance succinctly stated a court's relevant considerations under Rule 59(e):

> A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. In exercising its discretion, the Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." Reconsideration, however, "is an extraordinary remedy that should be used sparingly." Reconsideration "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."

2010 WL 1838061 at *1 (E.D.La. 2010) (citations omitted). However, Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

A review of Meyers' Memorandum and Reply evidences no change in the controlling law nor presentation of evidence not previously available. Meyers instead argues that the Court erred in its interpretation of the insurance policy. Meyers asserts that the insurance policy at issue is ambiguous rather than unambiguous—very clearly rehashing the same general argument previously advanced with only minor alterations. Specifically, Meyers argues that under Section IV 2(A) of the Policy, the Policy states that Canal has "no duty to provide **coverage**," which Meyers' argues includes the duty to defend, until it is notified of the "'accident' or 'loss'" in the event "of 'accident,' claim, 'suit' or 'loss.'"[1] Though Meyers states in a footnote that "[m]any claims are settled prior to suit and require a defense to settle—exactly like the case at hand," Meyers offers no case law in support of that statement much less show any error in the Court's conclusion.[2] The Court once determined that the language of the policy is clear as to when the

---

[1] Policy Ex. 2 Section IVA(2) at 45, R. Doc. 15 (emphasis added).
[2] Pl. Mem. 4 n.1. In its prior opinion, the Court offered examples of case law addressing the issue of when a "suit" was filed thus triggering the duty to defend in an effort to demonstrate that the issue is not uncommon and that contracts may define when "suit" is filed to forestall future legal issues as to when the duty to defend arose. Indeed, as a practical matter, "[w]hen determining whether a liability insurer has a duty to defend, the first inquiry is

3

duty to defend arises under the contract; the Court rejected Meyers' argument as to ambiguity once before and will not entertain it again. The Court also notes that, in advancing its argument, Meyers fundamentally misconstrues the Court's Order and Reasons: the Court here reiterates that it did not opine that the duty to provide coverage encompasses the duty to defend as Meyers suggests in its statement that "[t]he Policy states that CANAL <u>must</u> provide coverage (which this Court has correctly identified as the duty to defend and the duty to indemnify)."[3]

As to Meyers' assertion that the common-fund doctrine applies to the "gap" in the ambiguous policy, the Court notes, first, that this legal theory was not brought before the Court in any form in any prior filing; thus it is not appropriately raised at this time under Rule 59(e). Assuming *arguendo* that the argument was properly raised, it is not clear that the common-fund doctrine applies in this instance. Louisiana case law recognizes an exception to the general rule that an attorney's right to remuneration for services is dependent upon a contract where the attorney "alone and at his own expense has successfully maintained an action for the preservation, protection, increase or creation of a *fund* in which persons other than his own clients may share or from which they may benefit." *Avants v. Kennedy*, 2002-0830 (La. App. 1 Cir. 12/20/02), 837 So. 2d 647, 656 *writ denied*, 2003-0203 (La. 4/4/03), 840 So. 2d

---

whether a 'suit' exists." *See* Eliot M. Harris, *The Duty to Defend: What Insurers, Insureds, And Their Counsel Need To Know When Faced With A Liability Coverage Dispute – ABA YLD 1001 Practice Series*, AMERICAN BAR ASSOCIATION (Oct. 8, 2014, 9:20 a.m.).
http://www.americanbar.org/groups/young_lawyers/publications/the_101_201_practice_series/duty.html

[3] Though Meyers does not cite to the portion of the Court's Order and Reasons for support of its statement, the Court assumes that Meyers refers to the following statement referencing the duty to provide coverage: "Specifically, the policy provides that Canal's liability coverage gives them the 'right and duty to defend against any "insured" against a "*suit*" asking for damages or a "covered pollution cost or expense"' to which the insurance applies." (Order, August 6, 2014, at 2, R. Doc. 40). Here, the Court summarized Canal's argument and referred to Section II of the Policy entitled "Liability Coverage," which contained the language applicable to the duty to defend. Elsewhere, the Court stated: "The question placed at issue by Canal's motion is not one of 'coverage' but one of whether Canal has the 'duty to defend' and thus the obligation to pay for legal expenses resulting from the investigation and settlement of a claim against the insured." (Order, August 6, 2014, at 5, R. Doc. 40). Stated differently, the issue in the case was whether Canal had the duty to defend when no suit had been filed but only an investigation was conducted and the potential claim was settled by parties other than the insured. In no way did the Court intend either statement to imply that the duty to defend is subsumed by the duty to provide coverage.

1215(emphasis added).  Meyers does not suggest what common fund was preserved, protected, increased, or created by Meyers' counsel here and the Court cannot fathom that any such fund would exist in this case; Meyers' counsel may have taken measures to prevent a personal loss incurred by Meyers, but these actions did not result in a third-party recovery or preserve an existing common fund.  *See Kirkpatrick v. Young*, 456 So.2d 622, 625 (La. 1984) (finding that judicial recognition of the invalidity of a will did not preserve, protect, increase, or create a common fund and that the common fund doctrine did not apply).  Thus, the Court finds that this ground does not establish that reconsideration of the Court's prior ruling is warranted.

Accordingly,

**IT IS ORDERED** that the Plaintiff's "Motion to Reconsider Granting of Motion for Summary Judgment" (R. Doc. 44) is **DENIED.**

New Orleans, Louisiana, this  10th  day of     October     , 2014.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**

5